UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARK HENRY LANKFORD, | ) | NO.   CV-92-0321-S-WFN |
| Petitioner, | ) | |
| | ) | **CAPITAL CASE** |
| -vs- | ) | |
| | ) | |
| A.J. ARAVE, Warden, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

On October 5, 2007, the Ninth Circuit issued its mandate in this capital habeas matter, instructing this Court "to grant the petition for a writ of habeas corpus, with appropriate instructions to retry Mark Lankford within a reasonable time or release him." (Docket No. 210, p. 26.) On October 9, 2007, after accepting the parties' stipulation for the issuance of an order on remand, this Court ordered that "the State shall either release Mark Lankford or retry Mark Lankford by commencing trial within 120 days of the date of this Order." (Docket No. 211.)

The state district court has since requested clarification of the Order, noting that "the question has arisen whether the court intended only the trial to be retried or also intended the preliminary hearing and arraignment to be accomplished as well." (Docket No. 212.) Although neither party has filed a motion in this Court, the Court will clarify its Order on its own motion as a courtesy to the state court.

Specifically, the Order contemplates that if a bench trial or a jury trial does not begin within 120 days of October 9, 2007, or the case is not otherwise settled, the Warden must

ORDER - 1

release Lankford from his confinement.  This type of conditional relief, and the time frame for beginning a new trial, are consistent with established federal habeas practice and with the Ninth Circuit's mandate in this particular case. *See, e.g., Richmond v. Lewis*, 506 U.S. 40, 52 (1992); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  Additionally, this Court does not have an interest in dictating the process that occurs in state court leading up to the trial, which is a matter of state law, but it notes that relief was granted upon the Ninth Circuit's finding of constitutional error at the original criminal trial, not at the probable cause or preliminary hearing stage of the proceeding.

Any further requests or motions in this matter must be submitted by the parties to the federal litigation.  The Clerk of Court shall fax a copy of this Order to the Idaho County District Court Clerk.

**IT IS SO ORDERED**.

**DATED** this 27th day of November, 2007.

11-27

                                s/ Wm. Fremming Nielsen
                                WM. FREMMING NIELSEN
                                SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2